UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81503-CIV-MARRA

REEF CLEMATIS LLC,

    Plaintiff,

vs.

REEF AND FUM BAR GROUP LLC
a/k/a CORAL REEFERS RUM BAR
GROUP and JOHN WEBB,

    Defendants.
_____/

## ORDER AND OPINION

**THIS CAUSE** is before the Court upon Plaintiff's Amended Motion For *Ex Parte* Order For Substitute Service of Process [DE 14]. Plaintiff seeks permission to serve defendant John Webb ("Webb") by (1) leaving a copy of the summons and complaint at a location where Webb is the registered agent for a non-party corporation, (2) sending a copy of the relevant papers to Webb at his residence by courier, and (3) sending the documents electronically to an e-mail address which was used by Webb.

Federal Rule of Civil Procedure 4(e) provides the method by which an individual may be properly served with process. The rule specifies that an individual may be served by (1) following state law in the state where the district court is located or where service is made, (2) personally serving the individual, (3) leaving a copy of the process at the individual's usual place of abode with someone of suitable age and discretion who resides there, or (4) delivering a copy of the process to an agent authorized to receive service of process. Fed.R.Civ.P. 4(e) (2009).

The district court is located in Florida. Florida law provides that individuals may be served by delivering a copy of the summons and complaint: (1) to the person named; (2) to the individual's usual place of abode[1] with any person residing therein who is age 15 or older and informing that person of the contents; (3) by substitute service to the person's spouse; (4) by substitute service to the person in charge of the individual's business at the time of service, if two or more attempts to serve the owner have been made at the place of business, and if the individual is doing business as a sole proprietorship; or (5) on an authorized agent. Fla. Stat. §§ 48.031, 48.151; *Microsoft Corp. v. Silver Eagle Computers, Inc.*, No. 06-cv-1405, 2006 WL 3391229, at *1-2 (Nov. 22, 2006).

The instant motion demonstrates ten bona-fide attempts of service at Webb's last known residence (616 Executive Center Drive, West Palm Beach, Florida). Plaintiff's process server did not find Webb there. The person who answered the door at that location indicated that he is not Webb and that Webb does not live there.

Among other businesses, Webb is an officer and registered agent of Coral Reefers Restaurant, Inc., a Florida corporation and non-party to these proceedings. DE 14, Ex. 1 at ¶¶ 12-17, 21-24. Webb has listed 309 Clematis Street, West Palm Beach, Florida as the place where service of process may be served on him, as registered agent for Coral

---

[1] In *State ex. rel. Merritt v. Heffernan*, 195 So. 145, 147-48 (1940), the Florida Supreme Court defined the term "usual place of abode" as the place where the defendant "is actually living at the time of service." The word "abode" means "one's fixed place of residence for the time being when service is made." *Id*. at 147. If a person has more than one residence, he must be served at the residence in which he is actually living at the time of service. *Id*.

Reefers Restaurant.  Fla. Stat. § 48.091(2).  This address is the location of Roxy's Pub.[2]  Four attempts were made at this business address and on each occasion, the process server was informed that Webb was not on the premises and that he is rarely there.  DE 14-1, ¶¶ 23-24.

Plaintiff submits that due process will be met by leaving a copy of the summons and complaint with the person in charge at the 309 Clematis Street address between the hours of 10:00 a.m. and 12:00 noon (if Webb is not present) because Webb is known to the persons at that business address and because Webb is obligated to be at that address during those hours albeit on behalf of a different entity.  In addition Plaintiff proposes to send a copy of the relevant papers to Webb at his residence address by courier and electronically to an e-mail address which was used by Webb.

Florida's substitute service statutes provide an exception to the general rule that a defendant must be personally served.[3]  As such, they must be strictly construed to protect due process guarantees.  *Monaco v. Nealon*, 810 So.2d 1084, 1085 (Fla. Dist. Ct. App. 2002); *Microsoft*, 2006 WL 3391229, at *2; *Hovarth v. Aetna Life Ins. Co.*, 634 So.2d

---

[2]  Webb is an Officer/Director of Roxy's Inc.  DE 14-1 at 19.

[3]  Section 48.181, Florida Statutes, provides that "... any person ... who is a resident of the state and who ... conceals his or her whereabouts ... [and who accepts] the privilege ... to operate, conduct, engage in, or carry on a business ... constitutes an appointment ... of the Secretary of State ... as their agent on whom all process in any action ... arising out of any transaction or operation connected with or incidental to the business or business venture may be served...."  Fla. Stat. § 48.181 (2007).  This statute does not assist Plaintiff on the facts alleged as it cannot be said that this cause of action arises out of Webb's actions connected with a Florida business.

240 (Fla. Dist Ct. App. 1994).

Plaintiff does not cite to any statute or case that authorizes substitute service under these circumstances; Plaintiff merely asserts that due process is the chief concern of federal courts in permitting substitute service and due process will be satisfied by the proposed actions. The methods for effecting service of process are designed by the legislature to reasonably assure that service is actually perfected. This Court cannot substitute its judgment for that of the legislature as to what methods meet the requisite legal standard. Perfection of substituted service of process requires strict compliance with statutory prerequisites because such service is an exception to personal service. *Wyatt v. Haese*, 649 So. 2d 905 (Fla. Dist. Ct. App. 1995); *see also Valliappan v. Cruz*, 871 So.2d 1035, 1036 (Fla. Dist. Ct. App. 2004). Without the proper allegations that follow an applicable statutory provision for substitute service, the Court cannot grant the relief requested. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Amended Motion For *Ex Parte* Order For Substitute Service of Process [DE 14] is denied without prejudice.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of December, 2009.

_____
KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record
Judge Linnea Johnson